UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY LINEBARGER,

        Plaintiff,                    Case No. 2:11-cv-178

v.                                            Honorable Gordon J. Quist

UNKNOWN SKYTTA et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Goodreau, Holma, Lapointe, Santti, Karppinen, McClaire, and Larson. The Court will serve the complaint against Defendants Skytta and Finegan.

**Discussion**

    I.       Factual allegations

Plaintiff Rodney Linebarger presently is incarcerated at the Baraga Maximum Correctional Facility (AMF). He sues the following AMF employees: Resident Unit Officers (RUOs) (unknown) Skytta, (unknown) Goodreau, (unknown) Holma, (unknown) Lapointe, and (unknown) Santti; Resident Unit Manager (RUM) J. McClaire; Assistant Resident Unit Supervisor (ARUS) J. Karppinen; Acting Warden J. Larson; and Nurse (unknown) Finegan.

Plaintiff alleges that, since he has resided in segregation housing Unit 3, A-wing, Defendant Skytta has repeatedly denied him his meals on eighteen dates between March 11, 2011 and April 24, 2011. Skytta has also denied him showers on seven of those dates and turned off Plaintiff's cell water on five of those dates. According to Plaintiff, Skytta would make a record that Plaintiff had refused his meals or was not dressed for his shower at the appointed time. In addition, Skytta allegedly denied Plaintiff his incoming mail on unspecified dates.

Plaintiff filed numerous grievances about the conduct, but Skytta has not been assigned to another housing unit. Plaintiff broadly alleges that Defendants Goodreau, Holma, Lapointe, and Santti all worked with Skytta on certain dates during the relevant period, but they failed to prevent Skytta from continuing his behavior. His sole allegation against each of them consists of a personalized version of the following conclusory paragraph:

> [Defendant] on [varying dates] and on other dates unknown that he [Defendant] was assigned working with RUO Skytta on the same days as RUO Skytta in which he [Defendant] failure to intervene as a duty of a officer to stop RUO Skytta depriving me of my meals, showers, water, mail (incoming personal mail), and mattress.

(Compl., docket #1, Page ID##8-10.) Plaintiff also alleges that Defendant RUM McClaire, despite being informed by Plaintiff of Skytta's actions, failed to supervise or intervene in the ongoing

behavior.  Plaintiff further alleges that he complained to Karppinen on numerous occasions about Skytta's conduct.  On one occasion, Defendant Karpinnen told Plaintiff, "See Linebarger it[']s going to be hard for you to prove/establish that RUO Skytta is doing what he[']s doing taking your meals, showers, mail, etc., or turning off your water to your cell."  (*Id.*, Page ID#11.)  Plaintiff allegedly responded, "It[']s going to show a pattern on CAU-278 (special housing unit record) that everytime he[']s RUO Skytta working A-Wing he[']s always claiming I refused (meals) or fully dressed for showers."  (*Id.*)  Plaintiff alleges that Defendant Karppinen failed to do her duty to supervise and protect prisoners and acted in collusion with Skytta when she neither disciplined Skytta nor transferred him to another unit.  In addition, Plaintiff alleges that he sent letters of complaint to Defendant Warden Larson on six occasions, but he received no response.

Plaintiff next contends that Defendant Nurse Finegan violated his Eighth Amendment rights by failing to respond to his suicide attempt or threat of suicide.  Plaintiff alleges that on April 22 and 23, 2011, he told Finegan that he was feeling suicidal.  He cut his right arm and put blood on his cell window.  Finegan allegedly responded, "Look, Linebarger you got to cut your throat for me, to put you on suicide watch . . . ."  (*Id.*, Page ID#13.)  Finegan then allegedly walked away, laughing.  Skytta then told Plaintiff, "Kill yourself Linebarger because you won't eat from me I am going to take your meals."  (*Id.*)

For relief, Plaintiff seeks an injunction ordering the transfer of Defendants Skytta, Goodreau, and Holma, together with compensatory damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that, despite his complaints to them, Defendants Karppinen,[1] McClaire and Larson failed to take action to transfer Skytta or to prevent his ongoing conduct. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Karppinen, McClaire, and Larson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Further, Plaintiff fails to make specific factual allegations against Defendants Goodreau, Holma, Lapointe and Santti. Instead, he recites the same conclusory allegation that each worked with Skytta on some occasions but failed to prevent Skytta from denying Plaintiff food, showers, water and mail. Conclusory allegations of unconstitutional conduct without specific

---

[1] Assuming that Karppinen commented that Plaintiff would have a difficult time proving his allegations against Skytta, such comments fail entirely to demonstrate that she participated in any active unconstitutional conduct. They merely indicate a reason why she failed to take action on Plaintiff's complaints about Skytta.

factual allegations fail to state a claim under § 1983.  *See Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555.  Plaintiff does not allege that any of these Defendants personally witnessed and allowed Skytta's unconstitutional conduct; he alleges only that they worked the same shift.  Where, as here, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

The Court concludes that Plaintiff's allegations against Defendants Skytta and Finegan are sufficient to warrant service of the complaint.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Goodreau, Holma, Lapointe, Santti, Karppinen, McClaire, and Larson will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Skytta and Finegan.

An Order consistent with this Opinion will be entered.


Dated:  August 11, 2011             /s/ Gordon J. Quist            
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE