UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY LINEBARGER,

                    Plaintiff,                  Case No. 2:11-cv-178

v.                                          Honorable Gordon J. Quist

UNKNOWN SKYTTA et al.,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On August 11, 2011, this Court ordered service of Plaintiff's complaint on Defendants Skytta and Finegan. On October 21, 2011, Defendants filed a motion for summary judgment (docket #8) on the ground that Plaintiff failed to exhaust his available administrative remedies. The time for filing a response has now elapsed and the matter is ready for decision. Upon review, I recommend that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies be granted.

        Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail

as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union*

*of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must

consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable

inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th

Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense,

which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007).

A moving party without the burden of proof need show only that the opponent cannot sustain his

burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see*

*also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of

proof  faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002);

*Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party

has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his

showing must be sufficient for the court to hold that no reasonable trier of fact could find other than

for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W.

SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material*

*Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit

repeatedly has emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable

jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE,

ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056

2

(same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Plaintiff Rodney Linebarger presently is incarcerated at the Marquette Branch Prison (MBP).  However, the claims set forth in his complaint arose while he was incarcerated at the Baraga Maximum Correctional Facility (AMF).  Plaintiff's complaint names Defendants Resident Unit Officers (RUOs) (unknown) Skytta, (unknown) Goodreau, (unknown) Holma, (unknown) Lapointe, and (unknown) Santti; Resident Unit Manager (RUM) J. McClaire; Assistant Resident Unit Supervisor (ARUS) J. Karppinen; Acting Warden J. Larson; and Nurse (unknown) Finegan.  On August 11, 2011, the court dismissed Defendants Goodreau, Holma, Lapointe, Santti, Karppinen, McClaire, and Larson.  Therefore, the only remaining claims are those against Defendants Skytta and Finegan.

Plaintiff alleges that while he resided in segregation housing Unit 3, A-wing, Defendant Skytta denied Plaintiff his meals on eighteen dates between March 11, 2011 and April 24, 2011.  Skytta also allegedly denied Plaintiff showers on seven of those dates and turned off Plaintiff's cell water on five of those dates.  According to Plaintiff, Skytta would make a record that Plaintiff had refused his meals or was not dressed for his shower at the appointed time.  In addition, Skytta allegedly denied Plaintiff his incoming mail on unspecified dates.  Plaintiff filed numerous grievances about the conduct.

Plaintiff next contends that Defendant Nurse Finegan violated his Eighth Amendment rights by failing to respond to his suicide attempt or threat of suicide.  Plaintiff alleges that on April 22 and 23, 2011, he told Finegan that he was feeling suicidal.  He cut his right arm and put blood on his cell window.  Finegan allegedly responded, "Look, Linebarger you got to cut your throat

3

for me, to put you on suicide watch . . . ." (*Id.*, Page ID#13.)  Finegan then allegedly walked away,

laughing.  Skytta then told Plaintiff, "Kill yourself Linebarger because you won't eat from me I am

going to take your meals."  (*Id.*)

        Defendants claim that they are entitled to summary judgment because Plaintiff failed

to exhaust his available administrative remedies.  Pursuant to the applicable portion of the Prison

Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to

prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *See*

*Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner

must first exhaust available administrative remedies, even if the prisoner may not be able to obtain

the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520;

*Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v.*

*Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies,

prisoners must complete the administrative review process in accordance with the deadlines and

other applicable procedural rules.  *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*,

126 S. Ct. 2378, 2386 (2006).  "Compliance with prison grievance procedures, therefore, is all that

is required by the PLRA to 'properly exhaust.'"  *Jones*, 127 S. Ct. at 922-23.

        MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable

grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates

must first attempt to resolve a problem orally within two business days of becoming aware of the

grievable issue, unless prevented by circumstances beyond his or her control  *Id.* at ¶ P.  If oral

resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a

completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶ P.  The

Policy Directive also provides the following directions for completing grievance forms: "The issues

4

shall be stated briefly.  Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG.  Time limitations shall be adhered to by the inmate and  staff at all steps of the grievance process. *Id.* at ¶ X.   "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

In support of the motion for summary judgment, Defendants offer the affidavit of Richard D. Russell, Manager of the Grievance Section of the MDOC.  Mr. Russell attests that all step III grievances are recorded in the Grievance Tracking database.  Mr. Russell further states that a search of the database reveals that no grievances have been filed at step III by Plaintiff since November of 2009.  (Defendants' Exhibit B, ¶¶ 17-18.)  As noted above, all of the allegations

against Defendants Skytta and Finegan occurred in March of 2011 and later.  Therefore, it is clear that Plaintiff did not exhaust his administrative remedies as to Defendants Skytta and Finegan.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #8) be granted and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal.  Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 31, 2012

6